**In re Petition for DISCIPLINARY ACTION AGAINST Vincent Francis WATERS, a Minnesota Attorney, Registration No. 225964.**

No. A13–1303.

Supreme Court of Minnesota.

March 21, 2014.

### ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Vincent Francis Waters committed professional misconduct warranting public discipline, namely, that while on disciplinary probation, he failed to cooperate with the Director, in violation of Minn. R. Prof. Conduct 3.4(c), 8.1(b), and 8.4(d), and Rule 25(a), Rules on Lawyers Professional Responsibility (RLPR).

Respondent waives his procedural rights under Rule 14, RLPR, and unconditionally admits the allegations in the petition. The Director also states that, after review of medical records, he believes Waters' misconduct is mitigated by chemical dependency problems. The parties recommend that the appropriate discipline is an indefinite suspension of a minimum of 90 days and that respondent be required to petition for reinstatement.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent Vincent Francis Waters is indefinitely suspended from the practice of law, effective the date of the filing of this order, for a minimum of 90 days;

2. Respondent may. petition for reinstatement pursuant to Rule 18(a)-(d), RLPR. Respondent must successfully complete the professional responsibility portion of the state bar examination before petitioning for reinstatement;

3. Reinstatement is conditioned on satisfaction of continuing legal education requirements, pursuant to Rule 18(e), RLPR, and proof that respondent's chemical dependency problem is in remission, that he is currently abstaining from alcohol or other mood-altering chemicals, except that respondent may use prescription medication in accordance with the directions of a prescribing physician who is fully advised of his chemical dependency issues before issuing the prescription, and that he is compliant with all treatment recommendations for chemical dependency and any aftercare recommended or prescribed by his treatment provider; and

4. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/Alan C. Page
Associate Justice